IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RANDALL ELLIOT** )<br>)<br>)<br>    **Plaintiff**  )<br>)<br>v.                     )<br>)<br>**REYNOLDS METALS COMPANY, LLC** )<br>)<br>    **Defendant** ) | Civil Action No. 1:20-cv-5689 |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Randall Elliot ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Reynolds Metals Company, LLC ("Defendant"), he does hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiff an overtime premium for hours worked in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within the State of Illinois and maintains its global headquarters in Lake Forest.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendant, and Defendant therefore "resides" in Illinois.

7. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

8. Plaintiff is a citizen and resident of Hot Spring County, Arkansas.

9. Defendant is a foreign, for-profit limited liability company, manufacturing and providing aluminum metal products.

10. Defendant's registered agent for service of process in Arkansas is C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

11. Defendant maintains a website at https://www.reynoldsconsumerproducts.com/.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

13. Defendant operates an aluminum foil plant in Malvern, Arkansas.

14. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

15. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as aluminum materials, equipment and tools.

16. Within the three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

17. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

18. Plaintiff worked for Defendant as a salaried supervisor from around January of 2013 until August of 2020.

19. Defendant directly hired Plaintiff, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

20. Plaintiff's duties included passing along schedules to front-line employees, helping assign maintenance to equipment, and otherwise communicating to front-line

employees the decisions coming from management that have been passed to the supervisors.

21. Plaintiff did not have the authority to hire or fire other employees.

22. Plaintiff did not make recommendations that were afforded particular weight in hiring and firing decisions.

23. Plaintiff was classified as an exempt employee and was paid a salary with the potential for a shift differential non-discretionary bonus payment.

24. At the time he was terminated, Plaintiff was guaranteed salary of $85,000.00 per year, or around $1,634.00 per week.

25. Plaintiff was also paid an annual bonus based on the total profitability of the company.

26. Plaintiff regularly worked in excess of forty (40) hours per week.

27. Specifically, Plaintiff's schedule followed a three days on / three days off pattern, so he was scheduled to work 48 hours one week and 36 hours the next week.

28. It was Defendant's commonly applied policy to not pay Plaintiff an overtime premium for the hours worked over forty (40) in a given week.

29. Defendant failed to pay Plaintiff an overtime rate, despite the fact that, for the duration of his employment, he regularly worked more than forty (40) hours per week as a salaried supervisor for Defendant.

30. Plaintiff was and is entitled to overtime compensation in the amount of one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40) in a week.

31. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA and AMWA.

## V. FIRST CLAIM FOR RELIEF—Violation of the FLSA

32. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

33. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

34. Defendant failed to pay Plaintiff one and one-half times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

35. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

36. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid minimum wages, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

37. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CLAIM FOR RELIEF—Violation of the AMWA

38. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

39. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

40. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

41. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

42. Defendant failed to pay Plaintiff overtime wages for hours worked over forty (40) in a given week as required under the AMWA, despite his entitlement thereto.

43. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

44. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

45. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Randall Elliot respectfully prays that Defendant be summoned to appear and to answer herein and for the following relief:

A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

B. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act and attendant regulations;

C. A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act and the related regulations;

D. Judgment for damages for all unpaid regular and overtime compensation under the Fair Labor Standards Act and attendant regulations;

E. Judgment for damages for all unpaid regular and overtime compensation under the Arkansas Minimum Wage Act and the related regulations;

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act and attendant regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

G. Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act and the relating regulations;

H. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

I. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF RANDALL ELLIOT**

SANFORD LAW FIRM, PLLC
20 North Clark Street, Suite 3310
Chicago, Illinois 60602
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com