IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RANDALL ELLIOTT** )<br>)<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**REYNOLDS METALS COMPANY, LLC** )<br>)<br>**Defendant** ) | Civil Action No. 1:20-cv-5689<br>Honorable Harry D. Leinenweber |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff Randall Elliott and Defendant Reynolds Consumer Products LLC, by and through their respective undersigned counsel, hereby seek approval of their Settlement Agreement and General Release ("Agreement") resolving all claims in this lawsuit.

### I. INTRODUCTION

This case concerns claims of unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* ("AMWA") originally brought by Plaintiff on September 24, 2020. ECF No. 1. Plaintiff asserted that he was misclassified as exempt from the overtime requirements of the FLSA and AMWA and that Defendant failed to pay him overtime compensation at the correct rate of 1.5 times his regular rate of pay for all hours worked in excess of 40 in each week. *Id*. Plaintiff and Defendant agree that a bona fide dispute exists with regard to Plaintiff's claims for unpaid overtime.

Following formal and informal discovery including the provision of Plaintiff's pay records for the relevant months, counsel for the parties entered into arms-length settlement

discussions and thereafter entered into a settlement. Ultimately the parties memorialized the terms of their settlement in the fully executed Settlement Agreement and General Release ("Agreement") attached hereto as Exhibit 1.

Courts within the Seventh Circuit have taken the position that settlements of FLSA claims must be approved by a Court of competent jurisdiction. *See, e.g., Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2001 WL 1403007, at *6 (N.D. Ill. 2001). A plaintiff may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See e.g. Lynn's Food Stores, Inc. v. Dep't. of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1353, 1355. If a settlement in a FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

## II.   ARGUMENT

### A.   Terms of the Settlement

Plaintiff and his counsel have specifically weighed the potential value of the claims based on time and pay records gathered from the Parties related to the alleged improper overtime calculation against the potential for receiving nothing at trial. From this, Plaintiff has concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation and appeals, despite Defendant's denial of the claims.

Plaintiff's counsel calculated Plaintiff's maximum damages using his weekly salary and any bonuses received, his weekly hours worked, and his regular rate of pay. By multiplying Plaintiff's weekly hours worked over 40 by an overtime premium of 0.5 times his regular rate, Plaintiff's counsel were able to determine a weekly amount of claimed unpaid overtime. Under the terms of the Agreement, Plaintiff is receiving about 80% of his sought lost wages. The Parties' compromise as to Plaintiff's damages is reasonable due to a number of factors.

First, Plaintiff's success at trial was far from assured. Plaintiff stood a significant chance of an ultimate determination that he was at all times properly classified as exempt and accordingly that he is owed no additional compensation. Plaintiff chose to eliminate this risk by entering into the present settlement.

Second, the Parties acknowledge that this is a case where liquidated damages and a showing of willfulness necessary for a three-year statute of limitations period were unlikely to have been recovered. Several courts that have considered the issue have held that production supervisors are exempt employees. *See, e.g., Brown v. Aleris Specification Alloys, Inc.,* 2016 U.S. Dist. LEXIS 40087 at *8 & 9 (N.D. Ind. March 28, 2016); *Schreckenbach v. Tenaris Coiled Tubes, L.L.C.*, 2013 U.S. LEXIS 6744 at *19 (S.D. Tex. 2013); *Haas v. Behr Dayton Thermal Prods., LLC*, 2008 U.S. LEXIS 122184 at *50-81 (S.D. Ohio 2008); *Beauchamp v. Flex-n-Gate, LLC*, 357 F.Supp. 2d 1010, 1015- 17 (E.D. Mich. 2005).

Third, the Parties disagree as to the amount of weekly hours actually worked by Plaintiff as well as the correct calculation of Plaintiff's regular rate for purposes of determining overtime compensation owed, if any. At trial, Defendant would have the

opportunity to dispute Plaintiff's worked hours by competing testimony and documentary evidence.

Overall, the settlement figure agreed upon bears a reasonable and fair relationship to the amount of damages alleged by Plaintiff in this matter, and also takes into consideration the inevitable risks of litigation and the defenses which have been or could be raised by Defendant.

B.   Attorneys' Fees

The FLSA entitles a prevailing plaintiff, "including a plaintiff who favorably settles his claims," to recover "a reasonable attorney's fee . . . and costs of the action." *De La Riva v. Houlihan Smith & Co.*, No. 10 C 8206, 2013 U.S. Dist. LEXIS 136339, at *3 (N.D. Ill. Sep. 24, 2013); *Koch v. Jerry W. Bailey Trucking, Inc.*, No. 1:14-CV-72-HAB, 2021 U.S. Dist. LEXIS 132353, at *5-6 (N.D. Ind. July 16, 2021) (quoting 29 U.S.C. § 216(b)). To determine a reasonable hourly rate, the Court refers "to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

Pursuant to the Settlement Agreement, Plaintiff's counsel are to receive an agreed $20,000.00 in attorneys' fees and costs. Plaintiff's counsel submit that this amount is reasonable and that they worked over 145 hours on the case, incurring over $45,000.00 in incurred fees and costs at a blended hourly rate of $302.00. Counsel for Plaintiff took the case from the complaint drafting stage through formal and informal discovery, which included a deposition of Plaintiff, as well as successful briefing against Defendant's motion for summary judgment. Finally, significant work was performed in damages calculations and settlement negotiations. Plaintiff's counsel aver that this amount is reasonable in light of the

amount of work performed on this case as well as the results and substantial benefits conferred upon Plaintiff. The fee award is reasonable and should be approved. Should the Court require this level of detail, Plaintiff's counsel will provide their billing information.

### III.  CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiff and Defendant respectfully request that the Court approve the settlement reached between the Parties, dismiss the case with prejudice, and for all other just and proper relief.

Respectfully submitted,

**PLAINTIFF RANDALL ELLIOT**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

    and    **DEFENDANT REYNOLDS METALS COMPANY, LLC**

LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
(312) 372-5520

*/s/ Todd M. Church*
Todd M. Church
Ill. Bar No. 6281176
tchurch@littler.com

Shanthi V. Gaur
Ill. Bar No. 6224996
sgaur@littler.com

## CERTIFICATE OF SERVICE

    I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing was filed via the CM/ECF system, which will provide notice to the following attorney of record:

Todd M. Church
Shanthi V. Gaur
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
(312) 372-5520
tchurch@littler.com
sgaur@littler.com

*/s/ Josh Sanford*
**Josh Sanford**