# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereinafter referred to as the "Agreement") is made by and between Reynolds Consumer Products LLC (hereinafter referred to as "the Company"), and Randall Elliott ("Elliott") (hereinafter referred to as "Plaintiff"). The Company and Plaintiff are sometimes referred to hereinafter as the "Parties."

WHEREAS, on or about September 24, 2020, Plaintiff filed this Action in the United States District Court for the Northern District of Illinois, Case No. 20-cv-05689, alleging that the Company failed to pay him in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 ("AMWA") (this lawsuit is referred to as the "Litigation").

WHEREAS, the Company has denied and continues to deny and dispute the allegations contained in the Litigation;

WHEREAS, Plaintiff and the Company desire to settle the Litigation without any further proceedings; and

NOW, THEREFORE, in consideration of the foregoing and in consideration of the terms, covenants, promises and conditions set forth below, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **Non-Admission.** This Agreement and compliance with this Agreement shall not be construed as an admission by any party of any liability whatsoever, or as an admission of any violation of any rights, or as a violation of any order, law, statute, duty, or contract whatsoever against any other person. The Company and all affiliated entities specifically deny any liability whatsoever for any alleged violation.

1

2. **Payment.** In consideration for the release of claims below and other promises set forth in this Agreement, the Company agrees that it will make a payment in the total gross amount of Thirty-Five Thousand Dollars ($35,000.00) (the "Payment"), that shall be allocated and paid as follows:

(a) **Payment to Plaintiff:** A total gross payment of $15,000.00 shall be made within fourteen (14) days of the Company's receipt of all of the following: (1) this Agreement executed by Plaintiff; (2) a valid, complete, and current IRS Form W-9 and W-4 from Plaintiff; and (3) approval of this Agreement and dismissal of the Litigation by the Court with prejudice. For income and payroll tax purposes, the Parties agree that one half of this payment to Plaintiff shall be allocated as wages which shall be subject to required withholdings and deductions and reported as W-2 wage income and one half of this payment shall be allocated as liquidated damages and reported on IRS Form 1099. Payment shall be by way of two separate checks made payable to "Randall Elliott" and shall be delivered to Sanford Law Firm PLLC, Kirkpatrick Plaza, 10800 Financial Centre Pkwy., Suite 510, Little Rock, Arkansas 72211.

(b) **Attorneys' Fees and Costs:** A total gross payment of $20,000.00 shall be made to Plaintiff's attorneys within fourteen (14) days of the Company's receipt of all of the following: (1) this Agreement executed by Plaintiff; (2) a valid, complete, and current IRS Form W-9 from Plaintiff's attorneys; and (3) approval of this Agreement and dismissal of the Litigation by the Court with prejudice. Payment shall be by way of check made payable to "Sanford Law Firm, PLLC" and shall be delivered to Sanford Law Firm PLLC, Kirkpatrick Plaza, 10800 Financial Centre Pkwy., Suite 510, Little Rock, Arkansas 72211. An IRS Form 1099 shall be issued for this payment of attorney's fees and costs to Plaintiff and Sanford Law Firm.

Plaintiff and the Company agree that the Payment constitutes good, valid and sufficient consideration for this Agreement and Plaintiff agrees that, upon receipt of the Payment, he has been properly paid for all hours worked. Plaintiff acknowledges and agrees that the consideration described above is consideration that was disputed by the Company and unless he prevailed in the Litigation he would not otherwise be entitled to, and he is being paid in exchange for signing this Agreement.

3. **Tax Liability.** The Company shall be responsible for all liabilities related to the employer portion of any payroll tax liability. Other than the employer portion of any payroll tax liability, Plaintiff acknowledges and agrees that he is solely responsible for any taxes due and owing on the settlement amounts paid to him as set forth in the Agreement. Plaintiff agrees to and shall be solely responsible for payment of income taxes or any other tax liability associated with the settlement amounts.

4. **Approval of Settlement and Dismissal of the Litigation.** In consideration for the promises contained in Paragraph 2, Plaintiff will, within seven calendar (7) days after execution of this Agreement by all parties, file a Motion for Approval of Settlement and Stipulation to Dismiss the Litigation With Prejudice, in a form to be mutually agreed by the parties.

5. **General Release and Waiver and Covenant Not To Sue.** Plaintiff warrants that there are no other corresponding charges, claims or grievances of any nature pending in any federal, state, municipal agency, court or tribunal which are not addressed herein, and agrees to waive, release, and discharge the Company, including its parents, successors, predecessors, divisions, subsidiaries and former subsidiaries, related companies, affiliates, officers, directors, attorneys, fiduciaries, agents, employees, and other legal representatives, past and present (collectively referred to as "the Released Parties") from any claims arising from the Litigation, as

well as any and all other claims, actions, causes of action, obligations for damages (including, but not limited to, compensatory, exemplary, and punitive damages), losses, expenses, attorneys' fees or costs, back pay, loss of earnings, debts, reinstatement and any and all other demands which he may have against the Released Parties arising out of his employment relationship and termination of employment with the Company, through the effective date of this Agreement. This includes but is not limited to a release of all rights and claims Plaintiff may have related to:

(a) **the Litigation** or that could have been raised in the Litigation or any charge or grievance;

(b) **Anti-Discrimination Statutes,** such as Title VII of the Civil Rights Act of 1964, as amended (prohibits discrimination in employment based on race, color, national origin, religion, sex or pregnancy); the Civil Rights Act of 1991 (prohibits discrimination); Section 1981 of the Civil Rights Act of 1866 (prohibits discrimination); the Americans With Disabilities Act (prohibits discrimination in employment based on disability); the Genetic Information Non-Disclosure Act; the Equal Pay Act;

(c) **Federal and State Employment Statutes,** such as the Fair Labor Standards Act; Arkansas Minimum Wage Act; the Family Medical Leave Act (FMLA); the Worker Adjustment and Retraining Notification (WARN) Act; the Employee Retirement Income Security Act (ERISA); the Consolidated Omnibus Budget Reconciliation Act (COBRA); and/or any other federal, state, local, or municipal statute, law constitution, ordinance or regulation;

(d) **Other Laws and Claims,** such implied or express employment contracts; public policy or tort claims; retaliatory discharge claims; negligent hiring, retention or supervision claims; defamation claims; wrongful discharge claims; intentional infliction of emotional distress claims; invasion of privacy claims; intentional interference with contract claims; negligence claims; detrimental reliance claims; any covenant of good faith and fair dealing claims; loss of consortium claims; promissory estoppel claims; personal injury claims; common law claims; claims for compensatory or punitive damages; claims for back pay; claims relating to legal restrictions on the Company's right to terminate employees or any other claim arising out of or relating to Plaintiff's employment and termination of employment with the Company to the date of this Agreement; and

(e) **Benefit Plans,** such as any Company stock option, bonus, incentive compensation, commission, medical, dental, life insurance, retirement, disability, and other compensation or benefit plans.

Doc ID: d8bc28651b3cbdb85401accb183ddaa73c5948e7

Notwithstanding the foregoing, nothing in this Agreement shall constitute a release by Plaintiff of vested retirement benefits, if any, he earned during the period of any active employment under any Company qualified retirement plans, as determined under the official terms of those plans, or any claims which Plaintiff cannot waive by law or claims for breach of this Agreement.

In the event that Plaintiff files or is included in any administrative charge or investigation or becomes a member of a class after the effective date of this Agreement, Plaintiff agrees to waive any right to monetary recovery should any administrative or governmental agency (such as the Equal Employment Opportunity Commission, the National Labor Relations Board, or any state or local agencies), or any other person or entity, pursue any claims on his behalf against the persons or entities covered by the release in this Agreement.

In addition, Plaintiff agrees not to sue the Released Parties in any forum for any claim covered by the above waiver and release language as of the date of this Agreement. If Plaintiff violates this General Release and Waiver by suing any of the Released Parties and should such litigation be found to violate the provisions of this Agreement, Plaintiff shall be liable to the Company for its costs and attorneys' fees in defending such litigation. Plaintiff is not releasing any claim that may arise after the date of his execution of this Agreement. Thus, the waiver and release language does not extend beyond the date of this Agreement.

Nothing in this Agreement is intended to limit in any way Plaintiff's right or ability to file a charge or claim of discrimination with or cooperate in an investigation conducted by the U.S. Equal Employment Opportunity Commission, a comparable state or local agency, or any other governmental agency charged with enforcing anti-discrimination laws. Nothing in this Agreement shall prohibit Plaintiff from reporting possible violations of law or regulation to any governmental agency or entity or making other disclosures that are protected under the whistleblower provisions of federal or state law or regulation.

Doc ID: d8bc28651b3cbdb85401accb183ddaa73c5948e7

6. **Other Pending Claims.** Plaintiff represents and warrants that other than the Litigation, he has filed no other pending claims, lawsuits, charges, grievances or causes of action of any kind against the Company and/or the Released Parties, and that, to the best of Plaintiff's knowledge, he possesses no claims (including claims under the Fair Labor Standards Act and Arkansas Minimum Wage Act) other than those related to the Litigation (all of which Plaintiff is releasing by this Agreement).

7. **Waiver of Reemployment.** In consideration for the Payment in Paragraph 2, Plaintiff acknowledges and agrees that his employment with the Company has ceased irrevocably and forever and will not be resumed any time in the future. Plaintiff agrees not to seek employment, temporary assignment, or work as an independent contractor, or otherwise seek to be hired, re-hired, employed, re-employed, assigned or reinstated, with the Company, and expressly waives any right to do so. Plaintiff also agrees that if he inadvertently applies for employment with the Company, he shall immediately withdraw the application upon notification. Plaintiff further agrees and recognizes that if he applies and/or is hired by the Company, this Agreement is sufficient and appropriate legal grounds for denying employment and/or terminating his employment.

8. **Neutral References.** Plaintiff shall direct all reference requests to The Work Number, 1-800-367-5690, Employer Code # 155481.

9. **Agreement Concerning Litigation Costs and Attorneys' Fees.** Plaintiff and the Company agree that neither party owes the other any costs or fees not expressly outlined in Paragraph 2 of this Agreement.

10. **Binding and Contractual Nature of Agreement.** This Agreement shall be binding upon the heirs, assigns, administrators, executors, beneficiaries, legal representatives,

Doc ID: d8bc28651b3cbdb85401accb183ddaa73c5948e7

affiliates, subsidiaries, parents and successors of all parties and shall inure to the benefit of all parties or their heirs, assigns, administrators, executors, beneficiaries, legal representatives, affiliates, subsidiaries, parents and successors. Plaintiff and the Company agree that this Agreement constitutes a contract, and that unless otherwise specified, any action for breach of this Agreement shall be limited to an action for breach of contract.

11. **Interpretation and Governing Law.** This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. This Agreement is made and entered into in Illinois, and shall in all respects be interpreted, enforced and governed by and under the laws of Illinois without regard to its conflict of law provisions.

12. **Entire Agreement/Severability.** This Agreement constitutes and contains the entire settlement and understanding between the Parties concerning the subject matter of this Agreement, and supersedes all prior negotiations, proposed agreements or understandings, if any, among the Parties concerning any of the provisions of this document. The Parties agree that if any provision of this Agreement or application thereof is held to be invalid, the invalidity shall not affect other provisions or applications of this Agreement, except that if any portion of the waiver or release language contained in Paragraph 5 is alleged or declared to be invalid or unenforceable, Plaintiff agrees to execute promptly a release of comparable scope that is valid and enforceable.

13. **No Waiver and Enforcement.** The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions of the right thereafter to enforce each and every term, covenant and conditions of this Agreement.

Doc ID: d8bc28651b3cbdb85401accb183ddaa73c5948e7

14. **Execution of Agreement.** This Agreement may be executed in one or more counterparts, and/or by electronic .pdf format or facsimile signature, each of which shall be deemed an original and all of which shall constitute one and the same Agreement.

15. **Voluntary Agreement.** Plaintiff understands and agrees as follows:

(a) Plaintiff has carefully read and fully understands all of the provisions of this Agreement, which is written in a manner that he clearly understands.

(b) Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance, and has not been coerced, threatened, or intimidated into signing this Agreement;

(c) Plaintiff is hereby advised to consult with an attorney before signing this Agreement. Plaintiff is represented by an attorney, has consulted with an attorney before signing this Agreement, and his attorney has reviewed this Agreement; and

(e) Plaintiff is not otherwise entitled to the payment and other consideration described in this Agreement.

**AGREED TO BY:**

**Randall Elliott**

*Randall Elliott*
_____

Dated: 11 / 21 / 2023 _____

**Reynolds Consumer Products LLC**

By: _____

Title: General Counsel

Dated: 11 / 29 / 2023

4870-7333-7999.1 / 065133-1011

Doc ID: d8bc28651b3cbdb85401accb183ddaa73c5948e7